
RECEIVED
FEB 2 3 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| SHEREE SLAUGHTER | CIVIL ACTION NO.: 05-1812 |
| VERSUS | JUDGE DOHERTY |
| ERNEST BILLIOT, *individually & as a Police Officer for Jeanerette City Police, et al* | MAGISTRATE JUDGE METHVIN |

## MEMORANDUM RULING

### I. Introduction

Pending before the Court are two motions filed by defendants. The first is a Motion to Dismiss Pursuant to Rule 12(b)(2) [Doc. 4], in which the Jeanerette Police Department seeks dismissal of plaintiff's claims against it on the basis that it is not a juridical person and, therefore, does not have the capacity to be sued. The second is a Motion to Strike Punitive Damages [Doc. 5] filed by Officer Ernest Billiot (individually and in his official capacity), Mayor Arthur L. Verret (individually and in his official capacity), and the City of Jeanerette. Both motions have been opposed by plaintiff.

### II. Background

On October 17, 2004, plaintiff was arrested and charged with simple battery, battery on an officer, and two counts of resisting arrest. Plaintiff alleges that while at her residence, she and her roommate had an argument, causing plaintiff to put her roommate out of plaintiff's mobile home.

Plaintiff's roommate then called the Jeanerette City Police to assist her in removing her belongings from plaintiff's home. Officers Billiot and August responded to the call. When the officers arrived at the scene, plaintiff's roommate was sitting outside and told the officers that she wanted her belongings out of the home. Plaintiff alleges that the police officers knocked at the door, but she did not respond as she was sleeping. Plaintiff claims that Officer Billiot then found an unlocked window, opened it, and insisted plaintiff's roommate enter through the window and open the door so that the police officers could enter the home. Once inside, a scuffle ensued between the police officers and plaintiff. Plaintiff alleges that she was dragged by her hair, and her head was beaten against a door.[1]

Plaintiff filed the instant suit, naming Officer Ernest Billiot (individually and in his official capacity), Mayor Arthur Verret (individually and in his official capacity), the City of Jeanerette, the Jeanerette City Police Department and ABC Insurance. In her Complaint, plaintiff asserts claims "pursuant to 42 U.S.C. 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, and under the laws Louisiana."

### III. Motion to Dismiss

Defendant, the Jeanerette Police Department, has filed a Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(2) on the basis that "the Jeanerette Police Department" is not a juridical person, and therefore lacks the procedural capacity to be sued. "The capacity of an entity to sue or be sued 'shall be determined by the law of the state in which the district court is held.'"

---

[1] The facts herein are taken from plaintiff's complaint and are not to be construed as this Court's finding of fact.

Darby v. Pasadena Police Dept., 939 F.2d 311, 313 (5th Cir. 1991)(citing Fed.R.Civ.P. 17(b)). Thus, this Court will look to Louisiana law in order to determine whether or not the Jeanerette Police Department is capable of being sued.

Louisiana Civil Code Article 24 provides in pertinent part: "A juridical person is an entity to which the law attributes personality, such as a corporation or partnership." This Court's independent research has not found a Louisiana Supreme Court case (or a federal Fifth Circuit case) ruling whether a Louisiana police department is a juridical person that can sue or be sued. However, the Louisiana Supreme Court has set forth the analysis to be used to determine whether an *entity* may be sued. See Roberts v. Sewerage and Water Board of New Orleans, 634 So. 2d 341 (La. 1994). In Roberts, the court stated:

> The determination that must be made in each case is whether the entity can appropriately be regarded as an additional or separate government unit for the particular purpose at issue. In the absence of positive law to the contrary, a local government unit *may* be deemed to be a juridical person separate and distinct from other government entities, when the organic law grants it the legal capacity to function independently and not just as the agency or division of another governmental entity. *Id.* at 346-47 (emphasis added).

The Court concluded that the Sewerage and Water Board of New Orleans was an entity capable of being sued. The Court focused its analysis on the independent management, financing, and operations of the board. Id. at 352.[2]

---

[2] This Court notes that the Louisiana Third Circuit Court of Appeal has ruled that the Breaux Bridge Police Department is not a juridical entity capable of being sued under the reasoning of Roberts, *supra.* The court explained that under the Lawrason Act (Breaux Bridge is a Lawrason Act municipality), the mayor of the municipality is the chief executive officer, and legislative powers are vested in the board of aldermen. "Although by law the chief of police has plenary power with regard to law enforcement within the municipality and in the operation of his department, the Police Department is dependent on [the municipality] in other respects," including budget appropriations and control of

3

Here, defendant has not provided any evidence by which this Court could conduct a <u>Roberts</u> analysis. Defendant states:

> ...the Jeanerette Police Department is merely a subdivision of the city or a subdivision of the municipality which is not a juridical person in its own right and which does not have its own capacity to sue or be sued. The police department is not a separate and distinct body corporate and does not have legal capacity to function independently of the City itself, as it is under the control of the Mayor, but rather functions as an agency or division of the City. It is not an autonomous, separate, or independent body or entity, but rather is merely a division of the greater corporate juridical body, that being the City of Jeanerette, as shown by the affidavit of Mayor Arthur L. Verret, attached hereto as Exhibit "A."[3]

Later, defendant states "...the City has not granted the police department the status of a corporate body and has not placed it under a separate board with powers of self-government." Defendant has offered no evidence of any kind in support of these conclusory statements other than the affidavit of the Mayor of Jeanerette. The mayor's affidavit is equally unhelpful to the Court, as it merely states a legal conclusion:

> ...the Jeanerette Police Department is merely a subdivision of the City of Jeanerette and is not an autonomous, separate, independent, or distinct body corporate, but rather is...[illegible] an agency or division of the greater corporate juridical body, that being the City of Jeanerette.... [T]he City of Jeanerette has not granted the police department the status of a corporate body and has not placed it under a separate board with powers of self-government.

Although, this Court notes several courts examining this issue have found that certain police departments at issue in those cases were not juridical entities capable of being sued, in this matter,

---

personnel. <u>Dugas v. City of Breaux Bridge Police Dept.</u>, 757 So.2d 741, 743-744 (La. App. 3 Cir. 2000). The court concluded that the police department did not have the legal capacity to be sued. Defendant has not informed this Court if the Town of Jeanerette was created by the Lawrason Act, a home rule charter, a special legislative charter or some other means.

[3] Defendant's Memorandum in Support of Motion to Dismiss, Page 2.

4

defendant has not provided the Court with the information and supporting evidence necessary to make such a determination. *See e.g.*, Darby v. Pasadena Police Dep't, 939 F.2d 311 (5th Cir. 1991) (under Texas law, city police department lacked jural existence, and could not be sued by former police officer; all authority to organize police force was granted to city, and home rule charter of city reserved power to sue and be sued); Doucet v. City of Bunkie, 2005 WL 2401893 (W.D.La. 2005); Norwood v. City of Hammond, 1999 WL 777713 (E.D.La. 1999). Mere assertions of the resultant legal conclusions with no reference to the underlying conditions which compel those conclusions cannot alone be sufficient. As such, Defendant's Motion to Dismiss is DENIED due to defendant's failure to carry its burden of proof. However, defendant may refile its motion if it is able to provide the information needed by the Court to conduct a Roberts analysis.

## IV.  Motion to Strike Punitive Damages

Officer Ernest Billiot (individually and in his official capacity), Mayor Arthur L. Verret (individually and in his official capacity), and the City of Jeanerette have filed a Motion to Strike Punitive Damages.[4]

### A.  Federal Claims

The jurisprudence is clear on two points concerning punitive damages pursuant to 42 U.S.C. § 1983: they *are* generally available, but they *cannot* be awarded against a municipality. *See e.g.* City of Newport v. Fact Concerts, Inc., 453 U.S. 247 (1981); Smith v. Wade, 461 U.S. 30 (1983). Plaintiff has cited no cases to the contrary. As such, all claims for punitive damages against the City of Jeanerette will be DISMISSED.

---

[4] Plaintiff states in her Complaint that she is bringing claims against Officer Billiot and Mayor Verret in both their individual and official capacities. Complaint ¶ 2.

5

The Court next turns to the availability of punitive damages for plaintiff's claims against Officer Billiot and Mayor Verret. Insofar as plaintiff is seeking punitive damages against Officer Billiot and Mayor Verret in their official capacities, such damages are not available. The imposition of punitive damages against those defendants in their official capacity is tantamount to awarding punitive damages against a municipality. *See e.g.* City of Newport, *supra*; Smith, *supra*; and Kentucky v. Graham, 473 U.S. 159 (1985). However, in those defendants' personal capacities, punitive damages are available to remedy intentional or reckless violations of civil rights. Smith, *supra*. More specifically, such damages are warranted "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." Id. at 57. Neither party has provided this Court with uncontested facts sufficient to make a determination about the motivation of defendants' conduct. As such, defendants' Motion to Strike punitive damages for federal claims asserted against Officer Billiot and Mayor Verret in their official capacities is GRANTED. Defendants' Motion to Strike punitive damages for federal claims asserted against Officer Billiot and Mayor Verret in their personal capacities is DENIED.

### B. State Law Claims

It is well-settled that under Louisiana law, punitive damages are not allowed unless expressly authorized by statute. International Harvester Credit Corp. v. Seale, 518 So. 2d 1039, 1041 (La. 1988). Neither in the complaint, nor in the opposition to the motion to strike does plaintiff identify a statutory provision which allows recovery of punitive damages for the state law claims that plaintiff asserts. Accordingly, defendants' Motion to Strike punitive damages for state law claims asserted against Officer Billiot, Mayor Verret and the City of Jeanerette is GRANTED.

## IV. Conclusion

Due to the foregoing, the Motion to Dismiss filed by the Jeanerette Police Department is DENIED due to defendant's failure to carry its burden of proof. The Motion to Strike Punitive Damages is GRANTED in part and DENIED in part.

THUS DONE AND SIGNED in Lafayette, Louisiana, this 22 day of February, 2006.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE